UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEAN WILLIAMS,

          Plaintiff,

                                    Case No.: 2:24-11639

v.                                   Hon. Gershwin A. Drain

THE STATE OF MICHIGAN, *et al*.,

          Defendants.

_____/

**<u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#14], DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES [#10], DENYING PLAINTIFF'S MOTIONS TO AMEND [#13, #15], DENYING PLAINTIFF'S MOTION TO DISMISS [#22] AND DISMISSING ACTION WITH PREJUDICE</u>**

**I.    INTRODUCTION**

On June 25, 2024, *pro se* Plaintiff Michael Dean Williams, filed the instant action against the State of Michigan, the Michigan Department of Civil Rights (MDCR), and an investigator for the MDCR, Valerie Barkley. Dissatisfied with the MDCR's resolution of his discrimination complaint against his former employer, Crystal Flash Petroleum, Plaintiff brings this action alleging the Defendants violated his rights under the Fifth, Eighth, and Fourteenth

Amendments, as well as Title VII, 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 242.

Now before the Court is the Defendants' Motion to Dismiss the Complaint, filed on August 14, 2024.  The Court granted Plaintiff an additional sixty days within which to submit his Response to the Defendant's Motion to Dismiss, however Plaintiff failed to meet the November 15, 2024 deadline.  Plaintiff then moved for an additional 6-months to file his Response brief.  The Court denied Plaintiff's request for an additional 6-month extension, but permitted him a short extension to file his Response to the Defendant's Motion to Dismiss no later than December 3, 2024.  Plaintiff failed to file a Response by this date; rather, Plaintiff filed his own Motion to Dismiss requesting that this matter be dismissed without prejudice.  Also, pending before the Court are Plaintiff's Motions to Amend and Motion to Consolidate.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters.  Accordingly, the Court will resolve the pending matters on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court grants the Defendants' Motion to Dismiss, dismisses this action with prejudice and denies Plaintiff's Motions to Consolidate, Amend and Dismiss.

2

## II.  FACTUAL BACKGROUND

Plaintiff filed a discrimination complaint with the MDCR against his former employer, Crystal Flash, where he was employed as a tanker truck driver. Plaintiff, who is white, alleges that his black co-worker, with whom he shared a truck, changed the seat's position, steering wheel position, and radio station.  He also maintains his co-worker dumped liquid on the ground, which Plaintiff believed was urine.  Plaintiff further asserts that the same co-worker assaulted him twice on the same day and harassed him 105 times over a span of 420 days.  As to the assault, Plaintiff advised the MDCR that his co-worker "took steps to put his finger in my face while stating, "look, this is my truck, you will put paperwork where I tell you and nowhere else, or else, do you get me?"  ECF No. 1, PageID.35.  The second assault allegedly occurred when Plaintiff's co-worker sent him a text message that also included the words, "or else."  Plaintiff maintains that Crystal Flash allowed a racially hostile work environment to exist from February of 2020 through January 24, 2021, and terminated him because he complained of illegal discrimination.

Defendant Barkley, an MDCR investigator, was first assigned to the Plaintiff's discrimination complaint in August of 2021 and her investigation included interviews with Plaintiff, as well as communications with Plaintiff's legislative representative, and with several MDCR employees. Barkley also

requested and received information from Crystal Flash, attempted to conciliate the matter, and conducted witness interviews.

On February 9, 2024, the MDCR informed Plaintiff via email that its investigation had concluded. Defendant Barkley noted that she was recommending dismissal due to "insufficient evidence being found to support the allegations of hostile environment on the basis of race and insufficient evidence of discharge on the basis of race and/or retaliation." ECF No. 1, PageID.71.

On the same day that Plaintiff sued the Defendants in this action, he also sued his former employer and some of its employees, alleging similar constitutional and statutory violations as those alleged herein. *See Michael Williams v. Crystal Flash Co.*, No. 2:24-cv-11640. This case is currently in the discovery phase.

**III. LAW & ANALYSIS**

**A. Defendants' Motion to Dismiss**

**1. Standards of Review**

Federal Courts are courts of limited jurisdiction and may only hear cases over which they have subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of an action for lack of subject matter jurisdiction over the plaintiff's claims. A 12(b)(1) motion asserting a facial challenge to subject matter

4

jurisdiction asks the Court to find that even if the allegations in the complaint are true, the pleadings are not sufficient to establish the Court's subject matter jurisdiction. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). The Sixth Circuit Court of Appeals has recognized that a Rule 12(b)(1) motion for dismissal is an appropriate way for a state to invoke its sovereign immunity. *See Nair v. Oakland Cty. Community Mental Health Authority*, 443 F.3d 469, 476 (6th Cir. 2006).

"A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The complaint is construed in the light most favorable to the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). A complaint only survives a motion to dismiss if it contains sufficient factual matter to state a claim to relief that is plausible on its face under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n] that

5

the pleader is entitled to relief." *Id*. at 679 (internal quotation marks and citation omitted).

### 2. Discussion

As an initial matter, it appears that Plaintiff has abandoned his claims. Plaintiff failed to respond to the Defendants' Motion to Dismiss, and instead, filed his own Motion to Dismiss seeking dismissal without prejudice. Because the Court concludes that Eleventh Amendment immunity bars Plaintiff's claims against Defendants, dismissal of this action with prejudice is appropriate.

The Eleventh Amendment to the United States Constitution bars private individuals from suing a state for money damages in federal court unless the state consents or Congress has otherwise abrogated the state's immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-1010 (1984); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996).

Here, the State of Michigan, the MDCR, and Defendant Barkley, who acted in her official capacity and is thus not considered a "person" for the purposes of 42 U.S.C. § 1983, are all treated as the state. *See* Mich. Const. art. 5, §1, Mich. Comp. Laws § 37,2601; *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65-66 (1989); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). It is well established that the State of Michigan, the MDCR, and its state officials have not consented to be sued pursuant to 42 U.S.C. § 1983 in federal court. *See De Los M v. Mich.*

6

*Dep't. of Civil Rights*, No. 23-10683, 2023 U.S. Dist. LEXIS 137517, at *3-5 (E.D. Mich. Jun. 26, 2023). Additionally, section 1983 "does not abrogate Eleventh Amendment immunity." *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 683 (6th Cir. 2018).  For these reasons, Plaintiff's claims against all of the Defendants are barred by Eleventh Amendment immunity.

Even if Plaintiff's claims were not barred by Eleventh Amendment immunity, his claims would still be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Liberally construing Plaintiff's claims, his Complaint fails to state any claims that plausibly allege he is entitled to relief.  Plaintiff's Complaint centers around his dissatisfaction with the MDCR investigation and sets forth conclusory allegations that the investigation violated several of Plaintiff's rights.  None of Plaintiff's factual allegations state a viable claim for relief.

First, section 1983 creates a cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  To state a claim under 42 U.S.C. § 1983, a plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.

1996). In support of his § 1983 claims, Plaintiff's relies on the Fifth, Eighth and Fourteenth Amendments.

The Fifth Amendment applies only to claims against federal employees, and all of the Defendants here are state actors. Plaintiff therefore cannot state a § 1983 claim based on the Fifth Amendment. *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000).

Plaintiff's Eighth Amendment claim also fails because the cruel and unusual punishment clause concerns protections in the context of criminal justice and punishment. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Plaintiff's allegations pertain to the MDCR's investigation of his discrimination complaint, which do not fall within the purview of the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977)(limiting the Eighth Amendment to criminal punishment).

Plaintiff's Fourteenth Amendment claim also fails to state a claim upon which relief may be granted because Plaintiff has no due process rights regarding the MDCR's administrative investigation. Similar to a federal EEOC complaint, an MDCR "determination of reasonable cause as to a discrimination complaint is non-binding, non-final, investigative, and not adjudicative in nature. *Rhoades v. Ohio Civil Rights Comm'n*, No. 1;07-0802, 2007 U.S. Dist. LEXIS 45523, at *13 (N.D. Ohio Jun. 22, 2007); *see also Georator v. EEOC*, 592 F.2d 765, 768 (4th Cir. 1979) (concluding that "[w]hen only investigative powers of an agency are

8

utilized, due process considerations do not attach."). Moreover, individuals do not have a right for their EEOC or MDCR complaints to be sustained. *See Clanton v. Sam's Club*, No. 1:21-cv-53, 2021 U.S. Dist. LEXIS 132957, at *1 (W.D. Mich. Jul. 6, 2021) (finding no cause of action based on the denial of an individual's MDCR complaint).

Additionally, Plaintiff's Title VII claim fails because the Defendants are not Plaintiff's employer or an employment agency or labor organization. Plaintiff's complaint solely concerns the MDCR's investigation into his workplace discrimination complaint. Because there is no employment relationship between Plaintiff and the Defendants, Plaintiff's Title VII claim is also subject to Rule 12(b)(6) dismissal.

Finally, Plaintiff's claims under 18 U.S.C. §§ 241 and 242 do not provide a private cause of action for individuals to seek civil remedies. These are criminal statutes providing for criminal charges and penalties. *Booth v. Henson*, 290 F. App'x 919, 920 (6th Cir. 2008) (affirming dismissal of plaintiff's lawsuit under §§ 241 and 242, because the relief sought in the complaint "is not available to a private citizen.").

Accordingly, for all of these reasons, Defendants are entitled to dismissal of this action with prejudice.

## B. Plaintiff's Pending Motions

Plaintiff has also filed two motions to amend his Complaint, and a Motion to Consolidate this case with the pending case he filed against his employer, *Michael Williams v. Crystal Flash Co.*, No. 2:24-cv-11640. Because Plaintiff's proposed amendment does not rectify the deficiencies already discussed with respect to Plaintiff's claims against the state Defendants, amendment of his Complaint would be futile. Amendment is futile if the amended complaint would not survive a motion to dismiss. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1983). While pro se complaints are granted more leniency than those drafted by attorneys, they still must state a plausible claim for relief to survive a motion to dismiss. *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013). As such, Plaintiff's motions to amend will be denied.

Additionally, because this case is subject to dismissal, Plaintiff's request to consolidate this case with *Michael Williams v. Crystal Flash Co.*, No. 2:24-cv-11640 will be denied as moot.

## III. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Dismiss [#14] is GRANTED. This cause of action is dismissed with prejudice.

Plaintiff's Motion to Consolidate [#10] is MOOT.

Plaintiff's Motions to Amend [#13, #15] are DENIED.

Plaintiff's Motion to Dismiss [#22] is DENIED.

SO ORDERED.

Dated:  December 23, 2024                                   /s/Gershwin A. Drain
                                                            GERSHWIN A. DRAIN
                                                            United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Michael Dean Williams, 50018 Degas, Chesterfield, MI 48051 on
December 23, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager